UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60480-CIV-COHN/SELTZER

HEATHER ANDREWS MCGEE
and LAKETHA D. WILSON, on behalf
of themselves and all others similarly
situated,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 23]. The Court has reviewed the Motion, Plaintiffs' Opposition [DE 29], Defendant's Reply [DE 30], and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will grant the Motion and dismiss Plaintiffs' Complaint with prejudice.

## I. BACKGROUND

Plaintiffs McGee and Wilson bring this class action against Defendant Bank of America, N.A. ("Bank of America") under the National Bank Act ("NBA"), 12 U.S.C. § 1, et seq. Plaintiffs allege that Bank of America's practice of charging its customers an "extended overdrawn balance charge" results in usurious interest in violation of 12 U.S.C. § 85 and § 86. (Compl. ¶¶ 33–43.)

The extended overdrawn balance charge arises from a Deposit Agreement between Bank of America and its deposit-account customers. The relevant portion of the Deposit Agreement reads:

> The Extended Overdrawn Balance Charge is an overdraft fee. This fee is in addition to Overdraft Item and NSF: Returned Item fees that may apply to your account for each overdraft or returned item. This additional charge applies to your account when we determine that your account has been overdrawn for 5 or more consecutive business days. You can avoid this fee by promptly covering your overdraft - deposit or transfer enough available funds to cover your overdraft, plus any fees we assessed, within the first 5 consecutive business days that your account is overdrawn.

(Id. ¶ 14.)[1]

Each Plaintiff had a personal checking account and a personal savings account with Bank of America at all material times. (Id. ¶¶ 3–4.) On four separate occasions, Bank of America assessed each Plaintiff a $35 extended overdrawn balance charge in addition to initial overdraft fees. (Id. ¶¶ 16–19.)

According to Plaintiffs, Bank of America's act of paying out funds to third parties on Plaintiffs' behalf, while Plaintiffs' accounts held insufficient funds to cover the transactions, was an extension of credit. Plaintiffs perceive the extended overdrawn balance charges as payments for the continued use of those loaned funds; in other words, interest.

The extended overdrawn balance charges to Plaintiffs were substantial compared to the amounts by which their accounts were overdrawn. If the charges were considered interest, they would vastly exceed the interest rates allowed by 12 U.S.C. § 85 and § 86. Plaintiffs thus have asserted a single cause of action against Bank of

---

[1] For the purpose of resolving the Motion, the Court accepts as true the facts alleged in the Complaint. See Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents, 633 F.3d 1297, 1301 n.3 (11th Cir. 2011).

2

America on the theory that the extended overdrawn balance charges were excessive interest in violation of the NBA. (Compl. ¶¶ 31–48.)

Bank of America has responded to the Complaint with its Motion, seeking to dismiss the Complaint for failure to state a claim. Bank of America argues that extended overdrawn balance charges—like initial overdraft fees—are not interest for purposes of the NBA, and cannot support a claim premised upon usurious interest. The controlling question before the Court therefore is whether Bank of America's extended overdrawn balance charges, as alleged, are "interest" within the meaning of the NBA.

## II.   LEGAL STANDARD

Under Rule 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks

3

omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

### III. DISCUSSION

Bank of America contends that Plaintiffs' single claim for excessive interest under the NBA should be dismissed because the extended overdrawn balance charges at issue are not "interest." The Court agrees, and will dismiss Plaintiffs' Complaint.

No binding authority directly resolves the question of whether an extended overdrawn balance charge is "interest" for purposes of the NBA. However, many courts have addressed the question of whether an initial overdraft charge constitutes interest, and have answered in the negative. See, e.g., Soto v. Bank of Lancaster Cnty., No. 08-1907, 2010 WL 1257666 at *1 (E.D. Pa. Mar. 30, 2010) ("[A]ll courts which have addressed the issue have concluded that overdraft fees are not interest.").

Within the Eleventh Circuit, Video Trax, Inc. v. NationsBank, N.A., 33 F. Supp. 2d 1041 (S.D. Fla. 1998), aff'd, 205 F.3d 1358 (11th Cir. 2000) (per curiam), reflects the most extensive discussion of why initial overdraft fees are not interest. In Video Trax, U.S. District Judge Alan Gold began his analysis by examining the plain meaning of the word "interest." Judge Gold noted that interest typically means payment for the use of money, and usually in terms of a percentage of the amount borrowed. 33 F. Supp. 2d at 1049–50. He reasoned that flat fees for overdrafts serve purposes other than compensation for the use of money, such as covering the costs of banking services, discouraging harmful customer behavior, and fostering the safety and stability of the banking system, and concluded that the ordinary definition of interest does not include overdraft fees or "similar contingent or default charges." Id. at 1050–53.

4

Judge Gold also considered the definition of interest in regulations crafted by the Office of the Comptroller of the Currency ("OCC"), the agency tasked with assuring the safety and soundness of national banks. See Soto, 2010 WL 1257666 at *1. The OCC is entitled to substantial deference regarding interpretation of its regulations under the NBA. Smiley v. CitiBank, N.A., 517 U.S. 735, 739 (1996). The OCC defines interest as follows:

> The term "interest" as used in 12 U.S.C. § 85 includes any payment compensating a creditor or prospective creditor for an extension of credit, making available of a line of credit, or any default or breach by a borrower of a condition upon which credit was extended.

12 C.F.R. § 7.4001(a).

Judge Gold found that covering a depositor's overdraft is not a credit transaction. Video Trax, 33 F. Supp. 2d at 1051–53. Because § 7.4001(a) defines interest as payment relating to a credit transaction, he concluded that overdraft charges on a deposit account do not come within the OCC's definition of interest. Id. at 1053. Finding that the overdraft fees were not interest under any relevant definition, Judge Gold granted summary judgment for the defendant on the plaintiff's claim for excessive interest under 12 U.S.C. § 85. Id. at 1059. The Eleventh Circuit adopted the District Court's reasoning in affirming the grant of summary judgment. 205 F.3d at 1358.

Bank of America contends that the lesson drawn from Video Trax, that an overdraft fee on a deposit account is not interest within the meaning of the NBA, is dispositive of Plaintiffs' claims. The Court agrees. The extended overdrawn balance charges in this case, like the overdraft fees in Video Trax, are not interest under the ordinary meaning of the term, or under the NBA. The charges at issue are flat fees contingent upon a customer's failure to remedy an overdrawn account, rather than

5

payment for the use of money, and are not "interest" within the ordinary meaning of the word. See Video Trax, 33 F. Supp. 2d at 1050. Similarly, the extended overdrawn balance charges—like initial overdraft charges—do not arise from a credit transaction, and are not interest under 12 U.S.C. § 85. See id. at 1050–55. Because the charges at issue herein are not "interest," they cannot support Plaintiffs' claim for usurious interest under the NBA. Accord Cargile v. JP Morgan Chase & Co., No. 09-14317, 2010 WL 5491200 at *3–5 (E.D. Mich. Nov. 23, 2010) (determining that overdraft fees, including both initial and extended overdraft charges, were not "interest" under NBA), report & recommendation adopted, 2011 WL 17608 (E.D. Mich. Jan. 4, 2011).

Plaintiffs seek to distinguish Video Trax from the case at bar by arguing that the fees in Video Trax were initial overdraft fees, charged for services in connection with processing the overdrafts. Plaintiffs contend that Bank of America's extended overdrawn balance charges are different because the charges did not arise from services relating to processing overdrafts, and resulted only from the passage of time. (Opp'n 5–7.)

Plaintiffs draw upon 12 C.F.R. § 7.4001 and § 7.4002—which relate to interest charges and non-interest charges under the NBA, respectively—in support of their argument that whether a fee is charged in connection with services determines whether that fee is "interest." Section 7.4002(b)(2)(i) provides that a bank setting non-interest charges should consider "[t]he cost incurred by the bank in providing the service." Plaintiffs infer from this provision that where no additional banking services undergird a fee, the fee is something other than a non-interest charge.

However, the text of § 7.4002(b) does not require that all non-interest charges be assessed in connection with services. Instead, it describes several factors that a bank

6

should consider in arriving at a reasonable non-interest charge, which include the cost of any underlying services. See Video Trax, 33 F. Supp. 2d at 1050–51. On the other hand, § 7.4002(a) provides: "A national bank may charge its customers non-interest charges and fees, including deposit account service charges." By implication, deposit account service charges are only a subset of these non-interest charges. That a charge is based upon something other than services does not necessarily remove it from the category of non-interest charges.

Plaintiffs also rely upon the text of § 7.4001(a) to note that "late fees"—which they liken to the extended overdrawn balance charges at issue in this case—come within the NBA's definition of "interest." However, § 7.4001(a) by its own terms does not classify all late fees as interest. Instead, it provides that interest includes late fees "connected with credit extension or availability." As the Court has already discussed, covering an overdraft on a deposit account is not a credit transaction. Accordingly, the definition of interest in § 7.4001(a), which includes late fees relating to credit transactions, is of no help to Plaintiffs.

Finally, the Court rejects Plaintiffs' contention that the Motion raises questions of fact inappropriate for resolution at the pleading stage. Plaintiffs argue that discovery is necessary to determine whether the extended overdrawn balance charges from Bank of America were an extension of credit. However, even accepting Plaintiffs' description of the charges in their Complaint, the Court is able to resolve that the charges did not relate to a credit transaction. See Video Trax, 33 F. Supp. 2d at 1050–55. Plaintiffs also argue that whether Bank of America established the extended overdrawn balance charges in accordance with sound banking principles under § 7.4002 presents a factual

dispute. But Plaintiffs have not alleged that the extended overdrawn balance charge violates the NBA as an unreasonable non-interest charge to which § 7.4002 would apply. Accordingly, the reasonableness of the extended overdrawn balance charge does not present a factual question that would preclude dismissal of the Complaint for failure to state a claim.

## IV.  CONCLUSION

In sum, Bank of America's fixed charges assessed in connection with a deposit account that has been overdrawn for a period of five days or more, like the overdraft fees at issue in Video Trax, are not "interest" for purposes of the NBA's prohibition on usurious interest charges. The charges therefore cannot support Plaintiffs' claim premised upon excessive interest under the NBA.[2] It is accordingly

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 23] is **GRANTED**. Plaintiffs' Complaint [DE 1] is **DISMISSED with prejudice**. The Court will enter a separate final judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of July, 2015.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[2] The Court notes that Plaintiffs have filed a motion for leave to file supplemental authority in relation to the Motion, which rests upon administrative provisions promulgated by the FDIC. See generally DE 31. Without addressing the procedural propriety of Plaintiffs' supplemental filing, the Court will deny Plaintiffs' request as moot, as the proffered supplemental authority is immaterial to the resolution of the Motion.